THORNTON et ux. v. MAYOR, ETC., OF CITY OF NATCHEZ.

(Circuit Court of Appeals, Fifth Circuit. April 5, 1904.)

No. 1,253.

1. DEEDS—USE OF PROPERTY—CONDITION SUBSEQUENT.

A deed, for a consideration alleged to have been nominal, conveying land to a city to be used as a burying ground, and forever kept, used, and inclosed in a decent and substantial manner, and for no other use or purpose whatsoever, in which the grantors made no record of any intention on their part that the land should ever under any circumstances revert to them or their representatives, should not be construed as requiring the land to be maintained as a public burying place literally in perpetuity, without regard to the welfare of subsequent generations; and hence such provision was not a condition subsequent, the breach of which would terminate the title of the grantees.

**2. Same—Bill—Demurrer.**

Where the members of a firm conveyed land to a city, to be used as a public burying ground forever, a bill by the legal representatives of the members of such firm to recover the land on the ground that its use had been illegally changed, which failed to show that plaintiffs were entitled to the reversion, or that they had any interest or right in the further carrying out of the purpose of the grant, was demurrable.

**3. Same—Laches.**

Lands sued for had been conveyed by plaintiffs' decedents in 1817 to a city for cemetery purposes, and for no other use whatsoever. In 1890 the city took up the remains of the bodies previously buried therein, and deposited them in a mound in a remote portion of the land, marked with a plain stone, and thereafter improved and used the land conveyed as a public park. *Held*, that since the personal representatives of the grantees, by the exercise of reasonable diligence, could have had knowledge of such change of use shortly after it occurred, and before 1901, when suit was brought to recover the land, they were barred by laches from maintaining the same.

Appeal from the Circuit Court of the United States for the Southern District of Mississippi.

On July 25, 1902, M. E. Thornton and his wife, averring themselves to be the sole surviving legal representatives of William Rutherford and of William Rutherford and John P. McNeel, who in the year 1817 composed the commercial firm of William Rutherford & Co., filed their bill in the lower court, in which, inter alia, they alleged that Rutherford and McNeel in the year 1817, for the nominal consideration of $500, conveyed to the president and selectmen of the city of Natchez, and to their successors, forever, certain lots in the city of Natchez, which were then the property of said commercial firm, to have and to hold the same "for the uses and purposes of a burying place and so to be forever kept, used and enclosed in a decent and substantial manner and to and for no other use or purpose whatsoever"; that the land continued to be used for the purposes to which it was dedicated by the grantors until about the year 1890, when the board of mayor and aldermen of the city of Natchez, without the knowledge or consent of complainants, who then resided in North Carolina, and without notice to them, contriving and intending to defeat the said trust, and to convert the land to another and a different purpose, but at the same time to deceive the complainants, and to preserve the semblance of the trust, while defeating the intent of the grantors without an actual, apparent repudiation of the trust, caused the remains of the deceased persons interred in said land, with the tombstones, coffins, and all other evidences of the use of the land as a burying ground, to be dug up and removed, and the land to be graded down and leveled and converted into a public park, for the purposes of diversion and recreation, for the use of the city of Natchez, and ceased altogether to use the land for the purpose of a burying ground, but that, for the purpose of deceiving complainants, or others who might have notified them, said city authorities caused an excavation to be dug in a remote part of the land, and the remains of some of the deceased persons formerly buried in said land to be placed therein, and a small mound of earth to be placed thereon, with a plain slab of stone, and then contended and still contend that in so doing they are executing the trust in conformity to the terms of the grant; that, by reason of the fraud so attempted to be practiced on them, complainants had no notice of the breach of trust and of the fact that the lands had ceased to be used for the purpose of a burying place, and had been converted to another and entirely different use, until the year 1901; that by the misuser and nonuser of the land, which is of the value of $10,000, the same has reverted to the complainants. The prayer is that the land be decreed to have reverted to the complainants, and that the defendants pay rents and revenues at the rate of $1,000 per annum from January 1, 1890, or, in the alternative, that defendants be perpetually enjoined from further user of the land for any other different purpose than that of a burying place. A demurrer was interposed on a number of grounds, among which are the following: Want of equity

in the bill. Want of jurisdiction in the court, because the suit is an action of ejectment; and, if it be a bill to remove clouds from title, it cannot be maintained, because complainants are not, and the defendants are, in possession. That complainants do not show that they have acquired or hold the interest of McNeel in the land. That by the terms of the deed, as shown in the bill, the fee passed absolutely and unconditionally to the city of Natchez, and that no provision was made in the deed by which the grantors, their heirs or legal representatives, could be reinvested with the title. That complainants are barred by their laches. That the suit is barred by the 10-year statute of limitations. That the bill does not show that complainants' cause of action was fraudulently concealed. That the bill shows that defendants exercised such public ownership over the land as to render it impossible that complainants, had they exercised reasonable diligence, would not have known of their rights more than 10 years before the filing of this suit. That complainants' alleged want of knowledge will not excuse them from the bar of the statute of limitations. The demurrer was sustained, the bill was dismissed, and the complainants have appealed.

Wade R. Young, for appellants.
McWillie & Thompson, for appellees.

Before McCORMICK and SHELBY, Circuit Judges, and PARLANGE, District Judge.

PARLANGE, District Judge. We are satisfied, after full consideration of the matter, that the grant was not made on condition subsequent. Such a condition is not favored in law. 4 Kent's Com. marg. p. 129. Even when a provision is stated in terms to be a condition, a court will determine for itself, not from the statement alone, but from the whole deed or grant, whether a condition was really intended. In this case no condition was stated in terms. A consideration of $500 was paid the grantors, and the grant was not made purely and exclusively from motives of charity or benevolence. No provision whatever was made for re-entry by or reversion to the grantors or their heirs or legal repesentatives. The land was maintained as a public burying place for nearly three-quarters of a century. There is nothing averred in the bill from which we could gather that the grantors intended that the land should be maintained as a public burying place literally in perpetuity, and without regard to the necessities and welfare of all the generations which were to follow. In the absence of any declaration of such an intention, and of anything in the grant from which it could be reasonably inferred, we are to conclude that the grantors meant that the land should be used for the purposes for which they desired it to be used, as long as it was right and proper to do so, in view of the nature of the grant and of its purposes.

But, in any event, it is beyond question that the grantors made no record of any intention on their part, either expressed or intimated, that the land should ever under any circumstances revert to them or to their representatives. The appellants have not stated a case entitling them to the reversion. They have not even shown that they have an interest or a right in the further carrying out of the purposes of the grant.

The matter in hand was carefully considered in the able opinion in Rawson v. Inhabitants of School District No. 5 in Uxbridge, 89 Mass. 125, 83 Am. Dec. 670. Also see Greene v. O'Connor (R. I.) 25 Atl.

692, 19 L. R. A. 262 (see notes); Sohier v. Trinity Church, 109 Mass. 1–19; Episcopal City Mission v. Appleton et al., 117 Mass. 326; Barker et al. v. Barrows, 138 Mass. 578; Stanley v. Colt, 5. Wall. 119, 18 L. Ed. 502.

We are furthermore fully satisfied, after consideration of the statutes of limitations of Mississippi, that the appellants have by their laches debarred themselves from prosecuting this action. The conversion of a public burying ground into a public park, and the other acts which the appellants averred in support of the fraud and concealment alleged by them, could not but have been open, public, and notorious. Concealment of those acts would have been impossible. The bill, it is true, avers that the appellants had neither notice nor knowledge. But such an allegation, in a matter like the one in hand, is a mere conclusion of the pleader, not binding on demurrer, unless facts are stated from which the court can determine for itself whether the conclusion was correctly drawn. See Wood v. Carpenter, 101 U. S. 135–140, 25 L. Ed. 807.

The acts complained of took place in the year 1890. Either the appellants knew of those acts prior to the year 1901, or else they could have had the knowledge by exercising reasonable diligence. The appellants, having allowed such a lapse of time to occur before bringing their action, cannot be heard to complain at this late hour. In view of the statutes of limitations of Mississippi, we do not understand that the appellants' counsel contends that the appellants were entitled to actual notice. But see Elder v. McClaskey et al., 70 Fed. 529, 17 C. C. A. 251.

There are other matters averred in the demurrer which have much force. But we deem it sufficient to rest our affirmance of the decree appealed from on the two grounds stated.

The decree of the lower court is affirmed.