## Margaret Soria v. Harrison County.

### [50 South. 443.]

1. **Deeds.** *Condition subsequent. Creation. Reversion. Construction.*

> To create a condition subsequent in a deed, the breach of which will cause the land to revert, the terms of the instrument must clearly show that the grantor intended it to have that effect; and its words are to be taken most strongly against him.

2. **Same.** *Case. Land conveyed for courthouse. Sale of.*

> The provisions of a deed that "the lands hereinafter described shall be kept by the said board of police for the use of a courthouse and jail, for the benefit of said county," and "to have and to hold the same * * * for the use of said county as aforesaid," do not create a condition subsequent, so as to cause the land to revert on the removal of the courthouse and jail and exposing the prop- for sale.

From the chancery court of Harrison county.

Hon. Thaddeus A. Wood, Chancellor.

Harrison county, appellee, was complainant in the court below; Mrs. Soria, appellant, was defendant there. The suit sought to quiet complainant's title to land and cancel defendant's claim thereto. From a decree in complainant's favor defendant appealed to the supreme court. The facts are fully stated in the opinion of the court, and the deed construed is herein set out in full.

*V. A. Griffith,* for appellant.

The deed from Tegarden to Harrison county contained a condition subsequent, upon the breach of which by failing to use the land for courthouse purposes, the conveyed premises have reverted to him, or rather to his assignee, Mrs. Soria.

The county has misconceived the real character of this deed and its counsel have cited no authority at all applicable to the case. They are assuming that the deed evidences a sale for

value.   Our contention is that the deed evidences simply a dedication.

Dedication is defined as the giving of land by the owner for the use of the public.   Not the selling of the land, but the giving of the land.   It will be found that practically all of the cases relied on by complainant, and especially Mississippi cases, are cases of purchase for adequate, or at least valuable, considerations.   The case of *Thornton v. Natchez,* 88 Miss. 1, is one where the owner received a consideration of five hundred dollars cash.   The Tegarden deed was a deed of gift substantially, in that it was supported by the nominal consideration of one dollar, which is the usual consideration recited in deeds of gift, and granted this land to the county for the public use of a courthouse and jail.

We find practically no dispute as to the law in such cases, where there has been an abandonment of the uses of the dedication.

Now it is distinctly admitted, alleged in fact, in the original bill of complaint filed in this cause, as follows: "Your complainant shows that said property is no longer being used for a courthouse site or any other county purposes," and the bill goes on to say that it has been advertised to be sold out entirely for a money consideration.

In 9 Am. & Eng. Ency. of Law (2d ed.) 856, it is stated: "When there has been a total abandonment of lands dedicated to public uses, or the further use for the purposes for which it was dedicated becomes impossible, the lands revert to the dedicator."

In 13 Cyc. 497, we find the rule laid down there, as follows: "In case of an abandonment of dedicated lands, the rights of the public therein fall and a reversion takes place as the dedication has spent its force when the use ceases."

Among the cases cited are lands dedicated for school purposes, for courthouses, for public buildings, etc.   A great many cases are cited in support of the text, among which is the case of *Rowze v. Pierce,* 75 Miss. 846 (1898), wherein WHITFIELD,

J., delivered the opinion of the court.   The statement of facts showed that the owner of land conveyed the same to the president and selectmen of the town of Pontotoc and their successors in office forever for public use as a park.   There were no express words of reverter in that deed, and none necessary, because it was a dedication and not a sale. for valuable consideration other than that used for the dedication.   The court stated, on page 861: "It is stated also that this property had been abandoned, and hence the city authorities might do as they pleased with it.   This is not the law.   If it had been abandoned, then the fee in the property reverted to the original donors and not to the state."   The opinion goes further, on the same page, and quotes from the case of *Brief v. Natchez,* 48 Miss. 423, and approves the following language on page 438: "If the city had lost the easement by abandonment or nonuser, Green or his heirs would take the property on his original title, discharged of the encumbrance of the servitude."   The opinion goes on still further and says that "Should the sole use to which the property was dedicated become impossible of execution, the property would revert to the dedicators or their representatives," citing authorities.   This is the Mississippi case which covers the matter in hand.

The deed here involved by its every word, goes on to say that the consideration was that the land should be kept by the board of police for the use of a courthouse and jail, and shall be in trust for the said use.   No valuable consideration was paid Tegarden for the deed.   It was a dedication for public purposes, pure and simple, and governed by the law with reference to same, and decisions are numerous throughout the United States, as above quoted, that upon abandonment of the use for which dedicated, the property reverts to the donor or legal representatives.

A careful reading of the opinion in the case of *Jackaway v. Board of Police Neshoba County,* Freeman's Chan. 59, shows that the opinion in that case proceeded along this very line,

namely: of a dedication.    That was the underlying idea; a conveyance in trust for the use of the county was a continuing and subsisting trust.    Here the language of Tegarden is expressly to that effect.    The language is "in trust, as aforesaid," and when properly viewed and carefully considered and studied we do not see how the correctness of this decision, the *Jackaway v. Neshoba County case,* can be questioned.    *State v. Travis County,* 85 Tex. 435, 21 S. W. 1029.

It is not at all necessary to go into a discussion of all the propositions with reference to conditions subsequent—limitations and covenants.    We simply show this as a dedication. We show the particular uses for the dedication.    Show that the land that was dedicated for a particular purpose has been abandoned for that use, and that such abandonment caused the property to revert to its donor or legal representatives.    And this is by operation of the law and not by a stipulation to that effect inserted in the deed.    Of course, if the deed had been upon valuable consideration, that is to say, for the payment of money equal to or part of the whole value of the land, then the question of dedication could not arise, and then some of the authorities cited by complainant would probably apply.    See the long list of authorities cited in Cyc. above quoted, a number of which we have examined and find they sustain the proposition absolutely.

*W. G. Evans* and *T. M. Evans,* for appellee.

The deed from Tegarden to Harrison county, does not contain a condition subsequent, but was a fee simple conveyance and vested in the county all the title the grantor had at its date in the premises and every interest thereafter acquired by him. It contained no provision for a reverter and no words of condition.    *Thornton v. Natchez,* 88 Miss. 1, settles the whole case for appellee.    See, however, *Berkly v. Union, etc., R. Co.,* 33 Fed. 794; 1 Jones on Conveyances, sec. 643; *Burdis v. Burdis,*

70 Am. St. Rep. 824; *Kilpatrick v. Baltimore,* 48 Am. St. Rep. 509; *Rawson v. School District,* 83 Am. Dec. 670; 4 Kent's Com. (12 ed.) 133; *Stewart v. Easton,* 170 U. S. 384; 2 Wash. on Real Property, 3.

The deed itself, by its terms, shows that the land was not dedicated to the county; it is so manifestly one of bargain and sale that this point needs no argument.

Smith, J., delivered the opinion of the court.

In 1845 appellee, being in possession of the land in controversy and having built thereon a courthouse and jail, obtained from W. H. Tegarden the following deed to his interest therein: "This indenture, made and entered into this thirty-first day of March, A. D. 1845, between William H. Tegarden, of the first part, and the board of police of Harrison county, state of Mississippi, of the second part, witnesseth: That the said Tegarden, for and in consideration of the sum of one dollar in hand paid by the said board of police, and in further consideration that the land hereinafter described shall be kept by said board of police for the use of a courthouse and jail for the benefit of said county, hath bargained and sold, and by these presents does hereby grant, bargain, sell, and convey, to the said board of police, in trust as aforesaid, all his right, title, and interest in and to the north half of square two hundred and thirty-two (232), in Mississippi (City), to have and to hold the same to the said board of police, and their successors in office, for the use of said county as aforesaid, for and from me, my heirs, and all persons claiming through, by, or under me. In testimony whereof, the said Tegarden hath hereunto set his hand and seal the day and date first above written. W. H. Tegarden. [Seal.]"

Appellee continued to use and occupy this land maintaining thereon a courthouse and jail, until the year 1903, when it removed its courthouse and jail therefrom, ceased to use the land for any county purpose, and offered same for sale. This sale

was prevented by appellant asserting title by reversion under the deed from W. H. Tegarden to a four-fifths undivided interest therein.   Thereupon appellee filed its bill of complaint in the court below, praying that it be decreed to be the owner of the land and that appellant be enjoined from asserting any claim thereto. Appellant filed an answer and cross-bill, alleging in effect that the deed from Tegarden conveyed the land to appellee upon condition that it be used for a courthouse and jail, and that upon its ceasing to be so used the title would revert to the said Tegarden.   She further alleged that she was the owner of this reversion, alleged to be an undivided four-fifths interest under a deed to the land in controversy, executed and delivered to her by Tegarden in 1876, and prayed for a partition.   From a decree dismissing the cross-bill, decreeing that appellee was the owner of the land, and enjoining appellant from asserting any claim thereto, this appeal is taken.

This deed does not contain any language such as is usually employed to create a condition subsequent, the breach of which would cause the land to revert to the grantor, such as an express provision to that effect, or apt technical words, such as "provided," "so long as," "until," etc.   In order that a condition subsequent may be created, the breach of which will cause the land conveyed to revert to the grantor, it must clearly appear that such was the grantor's intention.   *Thornton v. Natchez,* 88 Miss. 1, 41 South. 498.   See also *Thornton v. Natchez,* 129 Fed. 84; *Thornton v. Natchez,* 197 U. S. 620, and *Thornton v. Natchez,* 212 U. S. 559.   The words in this deed, "that the land hereinafter described shall be kept by said board of police for the use of a courthouse and jail for the benefit of said county," and the words "to have and to hold the same    *   *   * for the use of said county as aforesaid," are quite as consistent with an intent to repose a trust and confidence as they are with an intent to impose a condition which would compel the county, on pain of forfeiture, to maintain on the land for all time a

courthouse and jail.    Since under the maxim *"Verba fortius accipiuntur contra proferentem,"* we must construe the words of this deed most strongly against the grantor, it follows that no condition subsequent, the breach of which would cause a reversion, was thereby created.

The foregoing views are supported by many authorities, among which is *First M. E. Church v. Old Columbia Public Grant Company,* 103 Pa. 608, approved by the supreme court of the United States in *Stewart v. Easton,* 170 U. S. 401, 18 Sup. Ct. 657, 42 L. Ed. 1084, wherein the court said: "Whatever words are relied on as creating a condition must not only be such as of themselves would create a condition, but must be so connected with the grant as to qualify or restrain it.    *Laberec v. Carleton,* 53 Me. 211.    It was said by Mr. Chief Justice Bigelow in *Packard v. Ames,* 16 Gray (Mass), 327; 'We know of no authority by which a grant declared to be for a special purpose, without other words, can be held to be a condition.    On the contrary it has always been held that such a grant does not convey a conditional estate, unless coupled with a clause for the payment of money or the doing of some act by the grantee, on which the grant is clearly made to depend.'    To make the estate conditional the words must clearly show such intent.    *Cook v. Trimble,* 9 Watts (Pa.), 15.    Turning to the writing executed by Wright, we see that he absolutely and unconditionally covenanted to convey the premises in fee simple, clear of all incumbrances, to the vendees, their heirs or assigns, whenever requested by them.    No restraint was imposed on an alienation of the land.    No construction of a reservoir, nor any work on the ground, was required to precede the right to demand a deed.    No clause provided for a forfeiture or termination of the estate in case the land ceased to be used as a reservoir.    No right of re-entry was reserved by the grantor on any contingency.    No technical word to create a condition was used. No other words were used equivalent thereto, or proper to create a condition.    The authorities show that the recital of the con-

sideration and a statement of the purpose for which the land is to be used are wholly insufficient to create a conditional estate."

*Affirmed.*