BRADY, Justice:
In February 1953 Mrs. Ruth Campbell Haley conveyed to her mother, Mrs. Clara *639 L. Campbell, a life estate in certain specified property. Included in this conveyance of a life estate were all the mineral rights and royalties that went with the land. Following the enumeration in the deed of the mineral rights that were to be conveyed to Mrs. Campbell in a life estate, the grant- or specified those remaindermen who were to take the reversionary interest in equal shares. The remaindermen were to be all of the grantor’s brothers and sisters then living, and the grantor herself. The deed specified that the remaindermen were to take as joint tenants, and not as tenants in common, although the right of survivor-ship was not mentioned.
The grantee, Mrs. Clara L. Campbell, died on December 25, 1960. The grantor, Ruth C. Haley, died on December 2, 1963, and was survived by one child, Mrs. Clara Ruth Haley Ouber, appellant herein. It has been stipulated by all the parties involved that the complainants, brothers and sisters of the grantor, Ruth C. Haley, have sole ownership of the mineral rights. The complainants claim that the deed gave them the reversionary interest in both the mineral rights and the surface estate. The defendant, Mrs. Ouber, asserts that complainants were given the reversionary interest in the mineral rights only and that the grantor, Mrs. Haley, the defendant’s mother reserved to herself the remainder or reversionary interest in the surface estate. In the deed, as it appears from the record, the description of the surface estate was single-spaced and indented. Following that indented portion of the deed, the next paragraph covers the conveyance of the mineral rights; and as a part of that paragraph, separated by a semicolon, the grantor set out the remaindermen who were to take the reversionary interest.
The complainants brought suit in the Chancery Court of Adams County to cancel the cloud on their claimed title to the surface estate. The defendant amended her answer to include a general demurrer. The demurrer was overruled and when the defendant, though allowed to amend her answer, declined to do so, the chancellor entered an order declaring complainants to be the owners of the land in question. From that order this appeal is prosecuted.
Considering the sole issue of whether or not the appellant or the appellees are the owners of the surface rights which were conveyed by Mrs. Ruth Campbell Haley to her mother, Mrs. Clara L. Campbell, was it the intention of the grantor, Mrs. Ryth C. Haley, to vest reversionary interest of the surface estate in her brothers and sisters upon the death of her mother or did the reversionary interest relate solely to the minerals? This question never would have arisen if the grantor had specified, “with remainder and reversion to the mineral rights in equal portions to my brothers and sisters.” In passing, we note that there is no certified copy of the deed attached to the bill of complaint, the original papers having been lost or destroyed.
Appellant asserts that there is a repug-nancy between the habendum clause and the. reservation of minerals. The appellant apparently contends that since the minerals are separted by an indentation there is an irreconcilable conflict between the granting clause and the mineral reservation. Appellee denies that there is any repug-nancy, contending that the most which appellant could assert is a possible ambiguity. We do not -believe that there is a conflict or ambiguity for the reason that in the habendum clause the grantor conveyed unto her mother for and during the period of her natural life all of the real estate involved in this lawsuit. The only reasonable interpretation which can be given to the word “all” in this deed is that which is commonly understood, namely, total, complete, whole, exclusive. The exact wording of the deed is as follows:
FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00) to the undersigned cash in hand paid, the receipt of which is hereby acknowledged, and for other good and valuable consid *640 eration, the receipt and sufficiency of which are also acknowledged, I, Mrs. Ruth C. Haley of Natchez, Mississippi, a divorced woman who has never remarried, hereby sell, convey and warrant unto my mother, Mrs. Clara L. Campbell, of Adams County, Mississippi, for and during the period of her natural life, all of the following described real estate situate, lying and being in the County of Adams and State of Mississippi, to wit:
(Description of property omitted)
This conveyance shall embrace and include and there is hereby conveyed unto said Mrs. Clara L. Campbell, for and during the term of her natural life, all oil, gas and other minerals on, within and under said land and all mineral rights, royalties and royalty rights incident thereto, including specifically the right to use and enjoy the same as she shall see fit; including all royalties, bonuses and delay rentals, if any, which have heretofore accumulated; with remainder and reversion in equal shares to my brothers and sisters, to wit, Mrs. Olive Campbell Lee, a divorced woman of New Orleans, Louisiana, Percy L. Campbell, Will (Willie) C. Campbell, R. D. Campbell, Joe Campbell, Mrs. Ruth C. Haley (Grantor herein), all of Adams County, Mississippi, and Mrs. Alyne Andrews, a divorced woman of Jackson, Mississippi, AS JOINT TENANTS AND NOT AS TENANTS IN COMMON. It is understood and agreed and made a condition to this conveyance that none of the remaindermen shall convey or encumber his or her interest in the property hereby conveyed or any part thereof unless all of the joint tenants shall join in the execution of such instrument of conveyance or encumbrance; and any instrument executed by any of said joint tenants contrary to the foregoing provisions and condition shall be void and of no effect.
Notwithstanding the general warranty herein contained, this conveyance is subject to the lien for taxes for the year 1953 and subsequent years and to all valid, subsisting oil, gas and mineral leases and mineral and royalty conveyances, if any, heretofore executed by the undersigned upon the land hereinabove described and conveyed.
IN WITNESS WHEREOF, I have hereunto signed my name in the City of Natchez, Mississippi, this the 4th day of February, A. D., 1953.
/s/ Mrs. Ruth C. Haley
MRS. RUTH C. HALEY
STATE OF MISSISSIPPI COUNTY OF ADAMS
Before me, the undersigned authority in and for said county and state, came and appeared the within and above named Mrs. Ruth C. Haley, a divorced woman who has never remarried, who acknowledged that she signed and delivered the foregoing instrument of writing on the day and year therein mentioned as her voluntary act and deed.
Witness my hand and official seal, this the 4th day of February, A. D., 1953.
/s/ Lawrence Adams NOTARY PUBLIC
MY commission expires:
17 Dec. 1953 (SEAL)
Appellees urge that a reasonable interpretation of the deed carries the presumption that the grantor conveyed the surface as well as the minerals to her mother. Specifically, appellees urge that the clause, “It is understood and agreed and made a condition of this conveyance that none of the remaindermen shall convey or encumber his or her interest in the property hereby conveyed or any part thereof unless all of the joint tenants shall join in the execution of such instrument of conveyance or encumbrance; and any instrument executed by any of said joint tenants contrary to the foregoing provision and condition shall be void and of no effect.” is applicable to the surface of the land as well as the minerals therein.
*641 The ancient and well-recognized rule of law has application here. Where controversies arise over the construction of a deed, the deed is to be resolved most strongly against the grantor and we hold that this rule is applicable here. Fatherree v. McCormick, 199 Miss. 248, 24 So.2d 724 (1946); Soria v. Harrison Co., 96 Miss. 109, 50 So. 443 (1909). It is obvious that appellant’s title cannot be any more valid than the title of the grantor through whom she claims.
Persuasive of the fact that the grantor intended by use of the word “all” to convey everything, another interpretation of the word “all”, including surface rights, she specifically conveyed all royalties, bonuses, and all other mineral rights so that the grantee, her mother, during her lifetime, would not be limited to only the interest therefrom.
Construing the deed more strongly against the grantor under the contentions of either the appellant or appellee we are required to conclude that it was the intention of the grantor to convey the rever-sionary interest in the surface as well as the minerals. It is to be noted that this deed is precisely drawn, with meticulous care, and it is safe to conclude that if the intention of the grantor had been other- ' wise she would have stipulated expressly to the contrary and vested in herself the surface of the land.
For the foregoing reasons we hold that the chancellor was correct in holding that the grantor intended to convey the surface to her brothers and sisters and to herself upon the death of her mother. Since the appellant declined to amend her answer within the time allowed by the chancellor, we have no alternative but to affirm the decree of the chancery court, which vested the surface rights in all of the brothers and sisters of the grantor.
Affirmed.
ETHERIDGE, C. J., and RODGERS, JONES and PATTERSON, JJ., concur.