295 So.2d 762 (1974)
James V. LACKEY, Trustee, et al.
v.
W.S. CORLEY et al.
No. 47578.
Supreme Court of Mississippi.
June 10, 1974.
*763 O.B. Triplett, Jr., Forest, for appellants.
L.D. Pittman, Crymes G. Pittman, Raleigh, for appellees.
BROOM, Justice:
This is an appeal from the Chancery Court of Smith County. We reverse.
Appellants contend that they are owners of a non-participating royalty interest in the oil, gas and minerals pertaining to land in Smith County rather than a mineral interest or estate in place.
On December 22, 1943 W.S. Corley, joined by other grantors, conveyed by warranty deed certain land situated in Smith County to the S.E. Lackey Lumber Company (appellants' predecessor in title). Contained in that deed is the reservation before us for construction. It states:
The grantors herein reserve unto themselves all oil, gas and minerals in and upon the hereinabove described lands, together with rights-of-way over, through and across the said lands for the purpose of developing and removing the same, less and except an undivided one-half interest in an undivided one-sixteenth interest in and to said oil, gas and minerals that may hereafter be produced from the said lands.
Subsequently the grantors executed oil and gas leases thereon which appellants ratified and in the ratification instrument disclaimed any right to delay rentals.
Although many interests of others may be affected by our decision in this case, the only issue upon which we shall rule is whether the reservation contained in the warranty deed dated December 22, 1943 conveyed to the grantee an oil, gas and mineral estate in place, or a non-participating royalty interest. The chancellor decreed that the deed which contained the subject reservation conveyed "an undivided" 1/32nd mineral interest and not a royalty interest." In his opinion he said that the deed reserved unto the grantors therein "31/32nds mineral interest." On that basis *764 the chancellor dismissed the bill of complaint.
The most definitive case in regard to the issue of whether an instrument should be construed to either reserve or convey a non-participating royalty interest or an estate in the minerals in place is Mounger v. Pittman, 235 Miss. 85, 108 So.2d 565 (1959). In that opinion the Court stated:
The distinguishing characteristics of a non-participating royalty interest are: (1) Such share of production is not chargeable with any of the costs of discovery and production; (2) the owner has no right to do any act or thing to discover and produce the oil and gas; (3) the owner has no right to grant leases; and (4) the owner has no right to receive bonuses or delay rentals. Conversely, the distinguishing characteristics of an interest in minerals in place are: (1) Such interest is not free of costs of discovery and production; (2) the owner has the right to do any and all acts necessary to discover and produce oil and gas; (3) the owner has the right to grant leases; and (4) the owner has the right to receive bonuses and delay rentals. (235 Miss. at 86, 108 So.2d at 566.)
Therefore, having in mind the characteristics enumerated by Mounger, we shall make our determination of whether a mineral estate in place or simply a non-participating royalty interest was conveyed by the instrument before us for construction. As said in Mounger, the presence of "particular words, phrases, clauses, or sentences" found in a reservation or deed do not necessarily control in the process of construing the nature of the estate created. Conversely, the mere absence of particular words or phrases is not necessarily controlling. The rule in this jurisdiction is that when construing or interpreting deeds and reservations contained therein the instrument should be read as a whole. Harris v. Griffith, 210 So.2d 629 (Miss. 1968); Mounger, supra; Ford v. Jones, 226 Miss. 716, 85 So.2d 215 (1956); Texas Gulf Producing Co. v. Griffith, 218 Miss. 109, 65 So.2d 834 (1953). Reading the deed before us now reveals the obvious fact that the grantors were conveying fee simple title to the surface of land. They reserved, subject to subsequent language, "all oil, gas and minerals in and upon the hereinabove described lands, together with rights-of-way over, through and across the said lands for the purpose of developing and removing the same... ." The grantors, by means of subsequent language, the "less and except" phrase, conveyed (in addition to the surface) "an undivided one-half interest in an undivided one-sixteenth interest in and to said oil, gas and minerals that may hereafter be produced from the said lands... ." (Emphasis added.)
In Armstrong v. Bell, 199 Miss. 29, 24 So.2d 10 (1945) this Court placed heavy emphasis upon the term "hereinafter" found in a reservation, and held that the interest reserved was a royalty interest. The reservation was construed in essence to mean that it was for minerals subsequently mined or produced.
In reviewing the characteristics set out above from Mounger, supra, it is noted that the warranty deed in question (1) does not grant the grantee the right to do any act or thing to discover and produce oil and gas; (2) it does not give the grantee the right to grant leases; and (3) it does not give the grantee the right to receive bonuses and delay rentals (appellees stipulated below that they received all delay rentals). Therefore (with one absent), three of the four characteristics of a non-participating royalty interest are present in the oil and gas interest or estate of appellants (successor to original grantee), and incline us toward a finding that the grantee received a non-participating royalty interest. However, what of the characteristic number one (absent in case at bar) listed in Mounger, supra, that the appellants' (grantee's) *765 share of production cannot be chargeable with any of the costs of discovery and production? Nowhere in the deed is specific indication made as to whether or not the grantee will be charged with such cost. We have held that a deed which did not specifically grant rights such as "to discover and produce ... oil and gas, or to grant leases, or to receive bonuses and delay rentals" retained such rights to the grantors. Mounger, supra; Westbrook v. Ball, 222 Miss. 788, 77 So.2d 274 (1955). In Mounger we stated:
It does not provide, either expressly or by implication, that grantors' share of production is to be free of cost of discovery and production, an important provision in any instrument creating a non-participating royalty interest. (235 Miss. at 87, 108 So.2d at 566.)
However, in that case three of the four characteristics of an estate in gas and minerals in place were literally and specifically present. There, in the absence of any indication that the owner of such oil and gas interest in place would or would not be chargeable with the cost of discovery and production, this Court said the estate created by the reservation was "an estate in the oil and gas, or minerals, in place." In Mounger the interest created by the reservation had no characteristics of a non-participating royalty interest.
In the case before us the interest now owned by appellants has three (of the four set forth in Mounger, supra) characteristics usually present in a nonparticipating royalty interest. Mindful of those characteristics, we must read the instrument as a whole. Such a reading causes us to conclude that the absence of a literal or specific indication that the grantee (appellants) should bear any of the cost of discovery and production will not outweigh or override the other three characteristics. Therefore, the grantee under the deed in question received a non-participating royalty interest despite the fact that the deed does not specifically (but by implication from the entire instrument does) relieve the grantee from the cost of discovery and production. Such an exclusion of cost can be logically implied from a reading of the entire instrument because it had three characteristics preponderating toward, and one characteristic negating, a construction that the interest of appellants is a non-participating royalty.
We leave undisturbed the court's decision in Mounger, supra, and apply the rule that where one of the characteristics of a particular interest or estate may be absent, the instrument should be read as a whole and a decision made upon the totality of characteristics present. Where, as here, three of the four characteristics of a non-participating royalty interest are present in the interest conveyed and where, as here, the phrase "may hereafter be produced" is also contained in the interest conveyed, the grantee is vested with a non-participating royalty interest. Therefore, the interest conveyed to the original grantee (S.E. Lackey Lumber Company) by the conveyance exhibited in this appeal was a 1/32nd non-participating royalty interest. Expressed another way, the said lumber company was entitled to receive 1/32nd of the production of the oil, gas and minerals, when and if the same were produced, and the company was not chargeable with any cost of discovery and production.
Reversed and rendered.
RODGERS, P.J., and SMITH, ROBERTSON and WALKER, JJ., concur.