ROY NOBLE LEE, Presiding Justice, for the Court:
Craig Castle filed suit in the Chancery Court of Jefferson Davis County against Harkins & Company and five Parker heirs to establish his ownership of a full V64 royalty interest under the Odell Cochran tract of land. The lower court found against Castle and dismissed the bill of complaint, and he has appealed here.
The sole question involved in this case is the legal effect of a reservation set forth in a warranty deed dated April 30, 1938, executed by L.G. Parker to R.L. Bourne conveying a 40-acre tract in Jefferson Davis County, Mississippi.
On January 27, 1938, the Federal Land Bank of New Orleans conveyed to L.G. Parker the SE-V4 of NE-V4 of Section 10, Township 5 North, Range 19 West, Jefferson Davis County, Mississippi. The Federal Land Bank reserved unto itself a one-half interest in all minerals.
On April 30, 1938, L.G. Parker conveyed said lands to R.L. Bourne. This deed is referred to in the pleadings as the Parker-Bourne Deed. In that deed there are certain references to oil, gas and mineral leases executed by the Federal Land Bank in which the grantor reserved unto himself a one-half (V2) interest. That disputed part of the deed involves the interpretation of the last paragraph, which reads as follows, to-wit:
It is agreed and distinctly understood by all parties hereto that sixty three sixty fourth (e3Aith) of all the oil, gas, coal, and all other minerals, in, on or under the land described above, together with all rights of ingress and egress at all times for the purpose of drilling, mining and operating for such minerals, and to conduct all operations and to lay all pipe lines necessary for production, mining and transportation of the oil, gas, water, coal or other minerals with the right to use sufficient water, gas or oil to operate said property, and the right to lease the land named above for the purpose of drilling for oil, gas or the proper removal of any other minerals that may be found, in or under said land is hereby reserved and held by vendor, herein, It being clearly understood and agreed that vendee herein is to have Venth of all oil, gas and other mineral royalties that may become due or be produced on any lease that may be made by vendor ... hereafter. (Emphasis added)
On June 11, 1976, appellees, the surviving heirs at law of L.G. Parker, executed identical oil, gas and mineral leases on said lands to Homer Lynn. These leases were all in the same form, each providing for the usual one-eighth (Vs) royalty in the event of production of oil or gas. The leases were subsequently assigned to Harkins & Company, and the lands now constitute part of a producing gas unit operated by Harkins & Company. Subsequent to the execution of the oil and gas leases by appellees, Craig Castle, appellant, acquired from Odell Cochran all royalty interest in the oil, gas and minerals that passed to the grantee in the Parker-Bourne deed. Appellant, Craig Castle, filed this action in the Chancery *515 Court of Jefferson Davis County asserting himself to be the owner of “a royalty interest calculated as V64th of the whole of all oil, gas and other minerals in, on and under and to be produced ... as to the ‘Odell Cochran Tract’ comprising 30.6147 acres more or less.”
The defendant, Harkins & Company, filed its answer admitting conflicting claims “to a Vsths of V64th of the royalty interest” and the funds attributable to said conflicting claims were paid into the registry of the court, and are still being paid at this time. Harkins & Company is not a party to the appeal.
As stated, appellant contends that he is the owner of a royalty interest calculated as ¾⅛4 of the whole of all oil, gas and other minerals in, on and under and to be produced as to the Odell Cochran Tract. On the other hand, the appellees contend that appellant is entitled only to an undivided one-sixty-fourth (Vm) of one-half (½) of one-eighth (⅛) royalty (V1024) in the oil, gas and minerals produced under and pursuant to the leases executed by them, since they owned only an undivided one-half (V2) interest in the oil, gas and minerals under said tract. The leases provided for the usual one-eighth (Vs) royalty interest to be paid to the lessors.
The case was submitted to the lower court on documentary evidence, viz, agreed stipulation of facts, deraignment of title, and recorded instruments pertaining to the question, which include deeds and oil, gas and mineral leases.
The appellees conceded in the court below that the interest which passed to the grantee in the Parker-Bourne deed is a non-participating royalty interest. In Payne v. Campbell, 250 Miss. 227, 237, 164 So.2d 780, 784 (1964), this Court defined a royalty acre as follows: “A royalty acre is that part of the interest in the Vs of the oil produced from one acre.”
Lackey v. Corley, 295 So.2d 762 (Miss.1974), is cited by both parties. In Lackey, the grantor conveyed certain lands in Smith County, Mississippi, to S.E. Lackey Lumber Company, which deed contained the following reservation.
The grantors herein reserve unto themselves all oil, gas and minerals in and upon the hereinabove described lands, together with rights-of-way over, through and across the said lands for the purpose of developing and removing the same, less and except an undivided one-half interest in an undivided one-sixteenth interest in and to said oil, gas and minerals that may hereafter be produced from the said lands.
295 So.2d at 763.
The question was whether or not minerals or only a non-participating royalty interest were conveyed in the instrument. Citing and discussing Mounger v. Pittman, 235 Miss. 85, 108 So.2d 565 (1959), the Court held that the interest which passed to S.E. Lackey Lumber Company was a non-participating royalty interest.
In Armstrong v. Bell, 199 Miss. 29, 24 So.2d 10 (1945), the grantor reserved a V32 interest in the oil, gas and minerals “which may hereafter be found, discovered, mined or produced” from certain lands. In the same reservation the grantor specifically reserved V4 of the ⅝ royalties provided in an outstanding oil and gas lease. This Court held that the V32 interest reserved by the grantor was in effect a Vh non-participating royalty interest.
In construing the Parker-Bourne deed, the subject of this litigation, we are mindful of the established principle of law confirmed in Ouber v. Campbell, 202 So.2d 638, (Miss.1967), stated many times since, as follows:
Where controversies arise over the construction of a deed, the deed is to be resolved most strongly against the grant- or and we hold that this rule is applicable here. Fatherree v. McCormick, 199 Miss. 248, 24 So.2d 724 (1946); Soria v. Harrison Co., 96 Miss. 109, 50 So. 443 (1909).
202 So.2d at 641.
On January 27, 1938, the Federal Land Bank of New Orleans conveyed the subject property to L.G. Parker, and (1) specifically *516 reserved ½ interest in all minerals, (2) made the deed subject to four outstanding oil and gas leases entered into by and between the Federal Land Bank of New Orleans and the Sun Oil Company, each dated September 1, 1937, and covering the subject property. One-half (V2) of all proceeds from the leases, including rents and royalties, were to be reserved by the Federal Land Bank and V2 of future proceeds accruing from the leases would belong to L.G. Parker in full ownership.
We have examined in its entirety the Parker-Bourne deed and note the following pertinent facts:
(1) Parker distinctly reserved unto himself his V2 interest in the four outstanding oil, gas and mineral leases entered into by and between the Federal Land Bank of New Orleans and Sun Oil Company. Grantee Bourne was to receive no part of production under those leases.
(2) Parker next reserved 6%4ths of all the oil, gas, coal and other minerals in and under the land, with rights of developing same. Parker only owned a 3⅜4 interest in the minerals. Therefore, his reservation excepted the previous reservation of ⅞ the minerals (32/64ths) by the Federal Land Bank of New Orleans and reserved unto himself 31/64ths of the minerals, which left an undivided V64th outstanding. Did not that interest pass to the grantee Bourne under the deed? The answer must be in the affirmative.
(3) The last sentence and phrase of the reservation clause in the deed recited “It being clearly understood and agreed that vendee herein is to have V64th of all oil, gas and other mineral royalties that may become due or be produced on any lease that may be made by vendor hereafter.” As stated above, grantee Bourne was not to share in any of the existing leases which had been executed by the Federal Land Bank of New Orleans, but was to share in the subsequent leases executed by Parker, including his heirs and assigns.
After careful study of the Parker-Bourne deed instrument, scrutiny of all parts thereof, and applying legal principles, we conclude that Parker knew he had acquired an undivided ⅛ interest in oil, gas and minerals from the Federal Land Bank of New Orleans; that he intended to maintain and keep control of those minerals for the purpose of exploration and development, leasing and receiving bonuses; that he intended to, and did, convey unto Bourne ⅛ of his royalty interest (⅝ x Vi6 = Vta); that the interest intended to be conveyed by Parker to Bourne was a non-participating royalty interest calculated as ⅛⅛⅛ of the whole of all oil, gas and other minerals; and that appellant is now vested with that interest.
Therefore, the judgment of the lower court is reversed, judgment is rendered here in favor of appellant, and this cause is remanded to the lower court for such further proceedings as may be consistent with this opinion.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.