## GULF & S. I. R. Co. *v.* PATTEN *et al.*

(Division B.   Jan. 24, 1938.)

[178 So. 468.   No. 33006.]

T. J. Wills, of Hattiesburg, Edw. C. Craig, of Chicago, Ill., and H. D. Minor, of Memphis, Tenn., for appellant.

Hall & Hall, of Columbia, for appellees.

Argued orally by **T. J. Wills**, for appellant, and by **Lee D. Hall**, for appellees.

**Griffith, J.,** delivered the opinion of the court.

The issue before us is the proper construction, particularly as to description, of the following deed:

"For and in consideration of the public and private advantages and the sum of one dollar to me in hand paid the receipt of which is hereby acknowledged I hereby convey unto the Gulf & Ship Island R. R. Co. a Right of Way across and over my land as follows: Being a piece of land across which the tracks of said railroad company are now laid. The northerly lines of which shall be a line running parallel with the center line of the main track of said railroad and one hundred feet (100) distant on the northerly side thereof. The westerly line being a line running along the west side of the west leg of the Y. and fifteen feet distant from the center line of the said Y. track following the curve, both lines running from lands of C. R. Foxworth to lands of C. R. Foxworth.

"Witness my signature this 8th day of November A. D. 1900"—duly signed and acknowledged.

At the time of the execution of this deed there was a wye partially located on the described land, the legs of which, together with the main line, enclosed the plot or portion of land here in dispute. Appellees contend that the deed carried title only to a strip 100 feet wide north and east of the main line, and a strip 50 feet wide south and west of the center of the main line and parallel therewith, and a strip 15 feet wide on each side of the center of the wye, but conveyed no title to the railroad company to the remainder of the land within the legs of the wye. The railroad insists that the deed carried title also to all the land within the described boundaries, including that which is embraced within the legs of the wye. The chancellor held with the contention of appellees, and we think correctly so.

It will be observed that, looking to its opening or leading words, the deed did not convey all the lands within the outside boundaries as delineated, but conveyed a right

of way over and across the lands so described. In order to arrive at the construction contended for by the railroad company, it would be necessary to strike from the deed the primary reference to or recital about the right of way. In construing deeds, the intention of the parties is sought to be effectuated, of course, but this intention must be found in the language of the instrument; so that effect must be given, if possible, to each item of the written contents, and no item shall be stricken or rejected so long as it may be harmonized with the other items. Dunn v. Stratton, 160 Miss. 1, 7, 133 So. 140. To construe this deed as insisted by the railroad company would mean that, when an owner conveys a right of way over his land described, for instance, as section 5, Tp. 3 N., R. 18 W., the recital or provision as to the right of way would be stricken out and the deed would then be made to carry title to the whole section, a position which would be manifestly untenable.

The railroad contends, however, that the area within the legs of the wye must be unobstructed and unoccupied in order that the operations of trains on the wye may be safe both as to the railroad and to the public, and that therefore a right of way deed to a wye carries, by implication, a grant of the land within the legs of the wye, although this might be as much as an acre, or more, of valuable land, in a commercial area. No direct authority is cited for so broad a contention, and we must conclude that, if maintainable, some precise authority out of the multitude of cases on the subject of rights of way could be found and would be cited. We recur, therefore, to the observations found in the first sentence of the concluding paragraph of the opinion in Johnson v. State, 154 Miss. 512, 513, 122 So. 529.

It will be observed that the deed contains no reference to the section, township, or range within which the lands are located, nor to any plat or survey, municipal or otherwise, although the caption is "State of Mississippi, County of Marion, Village of Columbia." The parties doubt-

less considered the caption as sufficient, and they have raised no point in this regard. Something is said about whether the railroad acquired a fee-simple title to the right of way or a mere easement. It is not necessary to go into that question, since the railroad company acquired no title of any character to that portion adjudged by the chancellor to belong to appellees.

Affirmed.