BAILEY *v.* COLLINS, et al.

Oct. 13, 1952

No. 38477          3 Adv. S. 1 ·          60 So. 2d 587

*Adams, Long & Adams,* for appellant.

*Hugh N. Clayton,* for appellees.

Holmes, J.

Appellant sued the appellees in the Chancery Court of Union County, and appeals from an adverse decree. The appellant alleged in her original bill that she was the owner of a three-room house in the City of New Albany which she occupied as her home, and which was in a bad state of repair; that the appellee, Leroy Collins, was an intelligent, glib-mouthed, sanctified preacher in charge of the Church of God in New Albany, and that she was a member of his flock; that she was old and senile, possessing the mind of a child of the age of twelve years, incapable of understanding and appreciating the nature and effect of a business transaction, and readily susceptible to the influence of the preacher because of their church relationship; that in the spring of 1945, appellee Collins approached her and proposed to repair and remodel her house if she would permit him and his family, consisting of his wife and seven children, to occupy the house with her for a period of five years; that she acceded to the proposal, not understanding or appreciat-

ing the nature and effect of her act; that appellee Collins repaired and remodeled the house and moved in it with his family; that the finished product was of poor workmanship and materials; that among other materials purchased, the appellee Collins incurred a lumber bill to the Union Lumber Company in the amount of $660.76, which he induced and over-persuaded the appellant to secure by signing a note therefor and executing a deed of trust on her property; that the appellee Collins and his family occupied the house until about February, 1950, when he moved to Harlan, Kentucky, where he accepted a ministerial call; that shortly before his departure, he induced the appellant to execute to him a note and deed of trust on her property for $1,704.19, representing said sum to be the amount incurred and expended by him for the repairs and improvements, which sum included the amount of the note and deed of trust to the Union Lumber Company; that because of appellant's mental incapacity she was unable to understand the nature and effect of her act, and was induced by the appellee Collins to sign the note and deed of trust through the superior influence which he exercised over her, and as the result of a fraud perpetrated upon her, and that the deed of trust was without consideration and void. The appellant prayed for the cancellation of said deed of trust securing the said sum of $1,704.19, and, in the alternative, for a decree charging the appellee Collins with rent at the rate of $20.00 per month for the period of his occupancy of the house and offsetting the same against the amount of said note and deed of trust.

The appellees answered, specifically denying the several allegations of the original bill. They averred in their answer on the contrary that the appellant approached the appellee Collins and proposed that if he would repair her house she would permit him and his family to live with her in the house rent free so long as both of them should live and would will the property to

appellee Collins on her death; that the appellee Collins accepted her proposal and entered into the agreement with her in good faith; that she was mentally competent and understood thoroughly the nature of the transaction; that the appellee exercised no undue influence over her and took no advantage of her, and that the agreement was entered into freely by both parties; that the appellee Collins repaired and remodeled the house, increasing it from a three-room house to a six-room house, and built a barn, a chicken house, and a sanitary toilet thereon, all at a cost of $1,704.19 for labor and materials; that Collins moved with his family in the house and lived in it with appellant except on occasions when she visited her sister, or her daughters in Chicago; that appellant had a will prepared devising the property to the appellee Collins, and signed it, but that the will was not valid because improperly executed by the witnesses thereto; that when Collins received the ministerial call to Harlan, Kentucky, he offered to take appellant to Kentucky and provide a home for her there but she declined to go; that because of the invalidity of the will which she attempted to execute, apprehension arose lest the daughters residing in Chicago might on the death of appellant undertake to defeat the rights of Collins in the transaction; that Collins discussed the matter with appellant and that it was agreed, under the new circumstances which had arisen, that she would execute to him a note and deed of trust on the property to cover the cost of the repairs and improvements, and this she did, executing the aforesaid note and deed of trust in the amount of $1,704.19; that they also agreed that appellee might rent the house and apply the rents on the indebtedness, and that he collected one month's rent in the sum of $20.00 which he applied on the indebtedness to Union Lumber Company.

The chancellor found that the appellant was competent to enter into the agreements with appellee Collins; that the entire transaction was in good faith, and that

Collins was entitled to a lien on the property to secure him for the amount expended and incurred by him for the repairs and improvements. The chancellor disallowed, however, certain labor and material items, thereby reducing the sum of indebtedness to Collins to the sum of $1,342.82, and in lieu of the deed of trust fixed a lien on the property for said amount in favor of Collins, requiring him to pay therefrom the indebtedness to Union Lumber Company, and authorized the sale of the property to satisfy the lien unless the amount of the lien should be paid by the appellant within sixty days from the date of the decree. A decree was entered in accordance with this decision of the chancellor.

(**Hn 1**) The evidence on the issues raised by the pleadings was conflicting and the chancellor resolved the evidence in favor of the appellee Collins. The chancellor's finding is amply supported by competent evidence and we are not warranted in disturbing it.

Appellant, however, adopts as the facts of the case the findings of fact by the chancellor and contends that the chancellor misapplied the law to the facts. She argues that the chancellor's findings of fact disclosed a breach of contract by the appellee Collins and that for such breach of contract he is entitled to no relief on his note and deed of trust, and in any event, should be charged with and have offset against the amount of the deed of trust rent at the rate of $20.00 per month for the period he and his family occupied the house. We are unable to agree with this contention of the appellant. The facts as found by the chancellor do not disclose a breach of contract by the appellee Collins. (**Hn 2**) On the contrary, the chancellor found that the agreements were entered into between the parties in good faith; that the appellant was mentally competent to make the agreements; that the appellee Collins offered to take the appellant to Kentucky with him, and that under the agreement of the parties, which the chancellor held to be valid,

the appellee Collins was entitled to be reimbursed for the cost of the repairs and improvements and to have a lien on the property therefor in lieu of the deed of trust. The release of mutual obligations under the agreement of the parties formed adequate consideration for the note and deed of trust.

(Hn 3) There is another reason, however, why the contention made by the appellant on this appeal cannot be sustained. The pleadings and the evidence disclose that the case was tried and presented to the chancellor on the theory that all agreements between the parties and instruments executed pursuant thereto were void because of the mental incapacity of the appellant, and because the appellee Collins perpetrated a fraud upon her in that he took advantage of her weakened mentality and wrongfully persuaded and induced her to execute the trust deeds. Appellant now seeks to present the case to this Court on an entirely different theory, namely, that the contract between the parties was valid and that the appellee Collins breached it. This was not the case which the chancellor tried and decided. Appellant has now chosen in this Court an entirely different line of battle from that chosen in the court below, and we think the theory of the case as now presented to us on this appeal is not properly before us for review. I. C. R. R. Co. v. Sumrall, 96 Miss. 860, 51 So. 545; Byrd v. Board of Supervisors, 179 Miss. 880, 176 So. 910; Picard v. Waggoner, 204 Miss. 366, 37 So. 2d 567; City of Biloxi v. Lowery, 179 Miss. 364, 377, 175 So. 200; Parker v. California Co., et al., 54 So. 2d 174.

In the case of I. C. R. R. Co. v. Sumrall, supra, the Court said: "The plaintiff chose her line of battle in the court below. She stood on the ordinary negligence of the railroad company. She never hinted at wilfulness and wantonness on the part of defendant. She stood for compensatory damages only. All her instructions were along that line, and it is too late now to attempt to shift

the ground on which a recovery is sought in this court for the first time. . . . We are limited, however, by the case as it was presented in the court below, and on that case, as shown by this record, a peremptory instruction should have been given for the railroad company."

It follows from the foregoing views that the decree of the court below should be and it is affirmed.

Affirmed.

*Roberds, P. J.*, and *Alexander, Kyle*, and *Ethridge, JJ.*, concur.