## DUKES v. CRUMPTON, et al.

No. 40683          June 2, 1958          103 So. 2d 385

*James B. Sykes,* Mendenhall; *L. D. Pittman,* Raleigh; *Barnett, Jones & Montgomery,* Jackson, for appellant.

*O. B. Triplett, Jr.,* Forest, for appellees.

614

McGEHEE, C. J.

On February 12, 1951, the appellant Denton R. Dukes purchased from Chemical Products Company 2171.5 acres of land in Simpson County, Mississippi, pursuant to an agreement theretofore had by him with W. B. Crumpton, father of the appellee Billy John Crumpton, then mayor of the Town of Raleigh, and Lawrence Crumpton, the then sheriff of the adjacent County of Smith, they having

agreed that the said Denton R. Dukes would convey to the appellees a one-half interest in the said land on the basis of the purchase price of approximately $6 per acre, which Dukes had paid therefor. The Chemcal Products Company was a subsidiary corporation of the Green Lumber Company, by which the said W. B. Crumpton had been employed for several years as the "land man" therefor, and from which company he had previously purchased land in his own right and for the appellant and the appellees.

The testimony on behalf of the appellees was to the effect that in April 1951, after the purchase of the land in February by the appellant from the Chemical Products Company had been finally consummated, a deed was prepared in the office of one of the grantees, Billy John Crumpton, and typed by his sister Miss Doris Crumpton under his supervision, for execution by the said Denton R. Dukes to the appellees for the one-half interest in 1986 acres of land, it appearing that a part of the 2171.5 acres purchased from the Chemical Products Company in the name of Denton R. Dukes had been theretofore sold by him, and one-half of the profits on such sale had been divided by the appellant with the said W. B. Crumpton, in adjusting the purchase price for the one-half interest sold to the appellees.

In the first paragraph of the deed of conveyance, as originally prepared, there is granted unto the said Billy John Crumpton and Lawrence Crumpton a half interest in the land (describing the said land), and following the said description were the words: "Containing in all 1986 acres, more or less." This concluded the description, and then there appeared below, the following: "less all previous reservations".

The said Denton R. Dukes testified and admittedly added to the prepared deed immediately following the four quoted words last above mentioned, the following: "Grantor or his successor reserve all rights of sale and management".

It is the contention of the said Denton R. Dukes and his two brothers, composing a partnership known as Dukes Brothers, that the eleven word sentence quoted above was added to the deed by the grantor before its execution and acknowledgment before the circuit clerk, and therefore before its delivery.

The said Denton R. Dukes testified that the deed written by Miss Doris Crumpton under the supervision of her brother Billy John Crumpton, was delivered to the said Dukes by the father, W. B. Crumpton, and that he, the grantor, added the last above quoted words to the deed. This was done on a typewriter at the Dukes Brothers' store at White Oak, according to the testimony of the Dukes Brothers; and Denton R. Dukes testified that he does not know what became of the typewriter on which he typed these additional words in the deed, but he and his two brothers testified that these words were typed on the deed prior to its execution, after the three Dukes brothers had discussed the matter and had decided that these words should be added in the deed prepared by Billy John Crumpton for execution by Denton R. Dukes, since the two brothers were likewise interested in the other half interest in the lands.

On the other hand, W. B. Crumpton, Billy John Crumpton and Lawrence Crumpton all testified that the last above quoted words were not in the deed at the time of its execution and delivery, but that during the latter part of the year 1951 when they borrowed $6,000 from the appellant Denton R. Dukes, for their use in dealing in other lands, they deposited their unrecorded deed for the half interest in the land in question with the said Denton R. Dukes as security for the repayment of the said $6,000 loan; that it was not until they repaid this loan a long time later and regained possession of the deed that it was discovered that the words "Grantor or his successor reserve all rights of sale and management" were in the deed; that on the evening after the loan was repaid, W.

B. Crumpton took the deed to his home and discovered for the first time that the last above quoted words had been added to the deed; that he thereupon called his son Lawrence Crumpton by telephone and advised him about this provision having been added to the deed; and that thereafter Denton R. Dukes agreed to straighten out the matter, but that this was never done.

Denton R. Dukes testified that he in fact did have some discussion with W. B. Crumpton in regard to the substance of this provision, sometime prior to the preparation and execution of the deed, but he did not testify that he had any agreement with W. B. Crumpton or the appellees that this provision was to be inserted, and he did not testify that he advised the grantees or their father that this provision had been inserted prior to the execution and delivery of the deed. The grantees in the deed, as well as their father, testified to the effect that this provision was inserted in the deed during the time that the grantor Denton R. Dukes was holding the deed as security for the $6,000 loan, the said Crumptons all testifying that it was not in the deed at the time they delivered it back to the grantor as security for the $6,000 loan.

The testimony of Denton R. Dukes and that of his two brothers was corroborated by the testimony of Mr. Headrick at the bank to the effect that this provision was already in the deed at the time the $6,000 loan was closed in the Bank of Raleigh.

Under this conflicting testimony the chancellor held that the proof of the complainants Billy John Crumpton and Lawrence Crumpton in their suit for the cancellation of the added provision and for the partition of this land in kind (and from which such decree declaring the provision void for other reasons and ordering a partition of the land in kind, this appeal is taken) was not sufficiently clear and convincing to justify the chancellor in holding that the deed was altered by the grantor after its execution and delivery, and while he was holding the

same as security. It was upon that theory that the charge of fraud in the bill of complaint was made, but the chancellor held that (a) this provision was an illegal and void restraint upon alienation and repugnant to the granting clause, and (b) that said clause, even if it were valid, is to be strictly construed and does not deprive appellees of their right to the partition in kind.

We do not feel justified in disturbing the finding made by the chancellor upon the specific issue of fraud alleged in the bill of complaint, since he reached his conclusion in that behalf upon conflicting testimony and this issue of fact could have well been decided either way.

This brings us to the legal effect or validity of the said added provision in the deed, assuming that, as found by the chancellor, it was placed in the deed prior to its execution. No fraud is predicated in the bill of complaint upon the failure of the grantor Denton R. Dukes to have informed the grantees or their father at the time of the delivery of the deed that this added provision in question had been inserted, if it was in fact inserted before the execution of the deed, but we would not be justified in reversing the chancellor in his finding on the specific issue of fraud as set forth in the bill of complaint, even though Denton R. Dukes did not contend that in his prior discussion of this clause with W. B. Crumpton that the latter had ever consented to its insertion in the deed.

However, we do not think it is material, except for the state of the pleadings, whether the provision in question was inserted before or after the execution and delivery of the deed, since it was prepared under the supervision of one of the grantees, Billy John Crumpton, and was submitted to the grantor Denton R. Dukes by W. B. Crumpton, (according to the testimony of the grantor) and he should have informed the grantees that he had altered the deed after its preparation by adding the provision thereto which is in question in this case. The grantees had a right to assume that the deed had been

executed as prepared and submitted to the grantor in the absence of any notice by the latter to them that he had added the provision in question.

██ ██ But be that as it may, we do not think that the added provision was a part of the granting clause, as contended by the appellant. We think that the granting clause consisted of what preceded the description of the land and the said description.

██ ██ We have carefully considered the cases of Bodcaw Lumber Co. v. Goode, 160 Ark. 48, 254 S. W. 343; Fletcher v. Lyon, 93 Ark. 5, 123 S. W. 801; Iowa Farm Credit Corp. v. Halligan, 214 Iowa 903, 241 N. W. 475; Harman v. Hurst, 160 Md. 96, 153 A. 24, and other cases cited by the appellant in support of the contention that where the reservation is a part of the granting clause the same will not be considered as repugnant thereto and void. But the rule announced in 4 Thompson on Real Property, Section 2078; 41 Am. Jur., Perpetuities and Restraints on Alienation, Section 67, pages 1 ∩5-9; 42 A. L. R. 2d, pages 1247-1249, and which we think is according to the weight of authority, is that the right of alienation is an indispensable incident to an estate in fee, such as was, in our opinion, conveyed by the granting clause of the deed here in question.

██ ██ We think that the provision added by the grantor, to-wit "grantor or his successor reserve all rights of sale and management" is an illegal and void restraint upon alienation and repugnant to the granting clause of the deed. ██ ██ But even if the clause should be held to be valid, is to be construed strictly against the grantor, since he admittedly typed the words in question into the deed which had been prepared and submitted to him for execution. ██ ██ The reservation unto the grantor of all rights of sale and management as to the one-half interest in the land conveyed to the grantees, when construed most strongly against the grantor, does not preclude the grantees from having the land partited in kind, as was ordered by the chancellor.

If we should sustain the contention of the grantor, there would be no power of sale or right of management conferred upon the grantees either during the lifetime of the grantor, or during the existence of his successor, which may be a corporation in the event the business engaged in by the partnership of Dukes Brothers should be incorporated, and such successor corporation could deny unto the grantees all rights of sale and management indefinitely. As to their one-half interest they could neither sell it, encumber it or use it. The reservation could deny them the power to do so at the will of the grantor or his successor far beyond the lives of persons in being. Neither could the children or grandchildren of the grantees ever devote such one-half interest in the land to any useful purpose.

We conclude that the decree of the trial court in ordering a partition of the land in kind was correct and that the same should be affirmed.

Affirmed.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.