603 So.2d 287 (1992)
Eretta J. SHAW
v.
Hildon SHAW.
No. 89-CA-32.
Supreme Court of Mississippi.
June 3, 1992.
*288 Jack Parsons, Parsons & Taylor, Wiggins, for appellant.
Lucien M. Gex, Jr., Waveland, for appellee.
Before HAWKINS, P.J., and BANKS and McRAE, JJ.
McRAE, Justice, for the Court:
On February 10, 1988, Hildon Shaw ("Hildon") brought suit in the Chancery Court of Stone County seeking the partition of a parcel of real property which he held jointly with Eretta Shaw ("Eretta"). Following a hearing on March 26, 1988, the chancellor decreed a partition by sale and appointed a special commissioner to conduct the sale. The sale occurred on September 2, 1988. Eretta appeals on three alternative grounds: (1) that the property should have been partited in kind rather than by sale; (2) that the warranty deed by which she and Hildon obtained their joint interests should be set aside; and (3) that the partition action should have been dismissed for failure to join all parties with an interest in the subject parcel. Specifically, she raises the following issues:
I. Can a lower court order a partition by sale of a parcel of land when the land is susceptible to partition in kind and it is not in the best interests of all the parties?
II. Can a lower court order a partition by sale of a parcel of land following agreement by both parties that the tract be partited in kind?
III. Is the existence of a fiduciary relationship grounds for setting aside a Warranty Deed, absolute in form and unambiguous on its face?
IV. Is the gross inadequacy of consideration grounds for cancellation of a Warranty Deed, absolute in form and unambiguous on its face?
V. Can a lower court consider extrinsic evidence when determining the validity *289 of a deed, absolute in form and unambiguous on its face?
VI. Can a lower court order a partition when all interested persons are not made parties to the suit?
We reverse and remand on grounds that the chancellor erred in granting a partition by sale rather than a partition in kind.

FACTS
At some point during the late 1970's, Hildon employed Eretta as a bookkeeper and secretary. Over the course of the next decade, the two enjoyed what Eretta characterizes as an intimate sexual relationship and Hildon characterizes as a "father-daughter relationship."[1] Through the years, Hildon allegedly purchased several gifts for Eretta including a bedroom suit, other furniture, rings, necklaces, a watch, and lawnmowers. He also made a down payment on Eretta's automobile in the amount of approximately $1,500.
Toward the end of 1986, Eretta's father, Lester Hester, deeded a 10.7 acre tract of land to Eretta and Hildon as joint tenants with full right of survivorship. Eretta testified that her father offered to sell her the land but that she did not have enough money to buy it. Hildon, according to Eretta, offered to buy the land for her and agreed to pay Lester $2,000 down and an additional $2,000 six months later. Eretta testified that Hildon paid her father $2,000 on the day of the transfer but never paid the balance. Eretta further stated that Hildon was made a joint tenant only so that he would acquire the land in the event of Eretta's death; that despite the language of the warranty deed, the transfer was actually intended as a gift from Lester Hester to Eretta.[2] Eretta does not reconcile her testimony that Lester Hester sought to sell the property with her seemingly inconsistent contention that Lester Hester sought to give her the land.
Hildon expressed a different version of the circumstances surrounding the sale. He testified that Lester Hester sought to sell the tract to him and Eretta for $600 an acre. Hildon made a counteroffer of $400 per acre which Hester accepted.[3] Hildon paid $2,000 at the time of the sale and seems to imply that Eretta was to pay the balance.
At trial, Hester testified to corroborate Eretta's allegation that $2,000 of the purchase price was still outstanding but did not specify which of the parties owed him the alleged outstanding balance. He acknowledged that no promissory note or deed of trust were executed in connection with the transfer. Further, the warranty deed which purportedly passed title from Lester Hester to Eretta and Hildon states:
For and in consideration of the sum of Ten Dollars ($10.00) cash in hand paid and other good and valuable considerations passing, the receipt and sufficiency all of which is hereby acknowledged, I, LESTER R. HESTER, ... do hereby grant, bargain, sell, convey and warrant subject to the exceptions hereinafter set out unto ERETTA SHAW and HILDON SHAW... as joint tenants with full rights of survivorship and not as tenants in common... .
(emphasis added).
The warranty deed was executed at the office of Eretta's counsel in the case sub judice. Although Eretta and Hildon accompanied Lester Hester to the signing, Lester testified that an attorney met with him privately and "asked me did I know what I was doing."
About a year after the transfer, the relationship between Eretta and Hildon, whatever its nature, turned sour. Hildon subsequently brought this suit seeking partition of the property.
Eretta's expert witness testified that the subject property was valued at $9,600 at *290 the time of the trial. He noted that the land was undeveloped and could be divided along a North-South line into two parcels of equal area, both with public road frontage to the South. He stated further that the land was forested with merchantable timber, the value of which was $1,200 for the east side and $400 for the west side. The eastern parcel is adjacent to the property on which Eretta resides. According to Hester's testimony, the land has been held by his family for at least three generations.
Hildon purchased the property at the judicial sale for $6,000.

LAW

I. CAN A LOWER COURT ORDER A PARTITION BY SALE OF A PARCEL OF LAND WHEN THE LAND IS SUSCEPTIBLE TO PARTITION IN KIND AND IT IS NOT IN THE BEST INTERESTS OF ALL THE PARTIES?

II. CAN A LOWER COURT ORDER A PARTITION BY SALE OF A PARCEL OF LAND FOLLOWING AGREEMENT BY BOTH PARTIES THAT THE TRACT BE PARTITED IN KIND?[4]
A chancellor has "considerable flexibility in dividing the property between the parties in a partition suit." Mathis v. Quick, 271 So.2d 924, 926 (Miss. 1973). As between partition by sale and partition in kind, however, the law strongly favors partition in kind. See Monaghan v. Wagner, 487 So.2d 815, 819-20 (Miss. 1986) ("A partition in kind is always preferred and will be jealously guarded by this Court"). Miss. Code Ann. § 11-21-11 (Supp. 1991), permits a judicial partition by sale only where:
[1] ... a sale of the lands, or any part thereof, will better promote the interest of all parties than a partition in kind, or [2] if the court be satisfied that an equal division cannot be made.
As we recently held in Unknown Heirs v. Blair, 601 So.2d 848, 850-851 (1992):
Affirmative proof of at least one of these statutory requisites must affirmatively appear in the record in order for the court to decree a partition by sale. Vinson v. Johnson, 493 So.2d 947, 948 (Miss. 1986); Monaghan, 487 So.2d at 820; Mathis [v. Quick, 271 So.2d 924,] 926 (Miss. 1973); Dailey v. Houston, 246 Miss. 667, 151 So.2d 919 (1963); Dantone v. Dantone, 205 Miss. 420, 38 So.2d 908 (1949); Smith v. Stansel, 93 Miss. 69, 46 So. 538 (1908). Further, the chancellor has no authority to decree a sale unless the statutory requisites are "clearly" met and a "substantial reason" exists for choosing partition by sale over partition in kind. Shorter v. Lesser, 98 Miss. 706, 712, 54 So. 155 (1910); see Bailey v. Vaughn, 375 So.2d 1054, (Miss. 1979) (party seeking sale of land must bring his case clearly within statute and show substantial reasons why partition in kind is impracticable or inadvisable); Burley v. Kuykendall, 349 So.2d 1036, 1037 (Miss. 1977) (party seeking partition by sale "must show conclusively that an equal division cannot be made, or that a sale would be more beneficial, or less injurious, than an actual division" (emphasis added)).
In the case sub judice, the record reflects no proof that partition by sale would "better promote the interest of all parties than petition [sic] in kind." Miss. Code Ann. § 11-21-11. Indeed, what little proof there is in this regard demonstrates that partition by sale would, if anything, detrimentally affect Eretta's interests: partition by sale would deprive Eretta of her interest in land immediately adjoining the property on which she lives.
The record also contains little proof that the property is not susceptible to partition in kind. Appellee Hildon's own expert testified that the parcel could be partited in kind. Further, the evidence shows that the parcel is roughly in the shape of a square, *291 that it is uniformly undeveloped, and that a public road runs along its entire southern boundary. The only apparent difficulty encountered in physically dividing the property is that the merchantable timber is unevenly distributed. The east half has timber allegedly valued at $1,200 while timber on the west half is allegedly worth only about $400. This Court has ruled, however, that uneven distribution of timber is not a sufficient reason for requiring a partition by sale. In Bailey v. Vaughn, 375 So.2d 1054 (Miss. 1979), the chancellor appointed a special commission to inspect a parcel of land and make a recommendation regarding an eight-way partition. The commissioners report stated the following:
We went on this property and personally inspected it by walking over the entire 170 acres of land and found that the acreage South of the road, being approximately 60 acres, is cut over, [and] that the acreage North of the road is mostly Hardwood of poor grade interspersed with pine, with better grade pine located in approximately 20 acres in the Northeastern most part of this property... . It is our better judgment that this land is not susceptible to partition in kind.
Bailey, 375 So.2d at 1056.
Relying on the commissioners' report, the chancellor ordered a partition by sale. This Court reversed, holding that the appellee had satisfied neither of the requisites of § 11-21-11. The case for partition by sale is at best no stronger in the instant case than it was in Bailey.
The practicability of actual partition in the case sub judice is further evidenced by Hildon's concession at trial that an "equitable" partition in kind could be arranged. The transcript reflects the following exchange among the chancellor, Mr. Gex (counsel for appellee Hildon), and Mr. Parsons (counsel for appellant Eretta):
THE COURT: Did I understand that you all agreed to a partition as being possible of the property?
MR. GEX: I came in and in my complaint I said that it should be sold and that it wasn't possible  I think Mr. Parsons  I thought I heard him say it should be sold. We concede that it can be split up in acreage, Judge, rather than being sold at this time. If they feel like it should be sold, we don't mind it being sold.
MR. PARSONS: I didn't say it should be sold.
MR. GEX: I can submit to the Court than an equitable distribution of the matter would be to let Mrs. Shaw have that acreage next to her house.[5]
Further, appellee Hildon expressed his willingness to accept owelty for the $800 difference in timber value between the two halves of the property.
In the absence of any substantial proof that a sale would better promote the interests of the parties or that an equal partition in kind would be impracticable, the chancellor manifestly erred in ordering a partition by sale.
Since the case is being reversed, we will address the remaining issues Eretta raises on appeal. The third, fourth, and fifth issues all concern the validity of the deed by which Lester Hester conveyed the subject property to Eretta and Hildon, so we shall address those issues collectively as follows:

III. IS THE EXISTENCE OF A FIDUCIARY RELATIONSHIP GROUNDS FOR SETTING ASIDE A WARRANTY DEED, ABSOLUTE IN FORM AND UNAMBIGUOUS ON ITS FACE?

IV. IS THE GROSS INADEQUACY OF CONSIDERATION GROUNDS FOR CANCELLATION OF A WARRANTY DEED, ABSOLUTE IN *292 FORM AND UNAMBIGUOUS ON ITS FACE?

V. CAN A LOWER COURT CONSIDER EXTRINSIC EVIDENCE WHEN DETERMINING THE VALIDITY OF A DEED, ABSOLUTE IN FORM AND UNAMBIGUOUS ON ITS FACE?
The validity of the Warranty Deed conveying the subject property from Lester Hester to Eretta and Hildon is contested for the first time on appeal. The issue was not broached at trial, and the chancellor made no findings in that regard. Eretta's pleadings state only the following:
Your Counterclaimant shows that her father gave her the property set out in Paragraph III of the Complaint [the 10.7 acre tract] and because of the personal intimate relationship between her and Hildon Shaw, that she placed the name of Hildon Shaw on the deed for the sole purpose of passing to him upon her death in the event she predeceased him.
Your Counterclaimant shows that Hildon Shaw paid a few hundred dollars to her father, however, it was not for the purpose of acquiring a one-half interest in and to the property. Your Counterclaimant shows that they are not owners of an undivided one-half interest and that the amount of money Hildon Shaw contributed would only be for a small part of the value if it were to be considered part of the purchase price of the property. Your Counterclaimant owns the property subject to the survivorship rights of the Plaintiff.
The pleadings do not allege that Lester Hester executed the deed as a result of undue influence, nor do they seek to have the conveyance set aside. In fact, Eretta's pleadings affirmatively assert that she owns the property by virtue of the deed she now attacks.
"One of the most fundamental and long established rules of law in Mississippi is that the Mississippi Supreme Court will not review matters on appeal that were not raised at the trial court level." Estate of Myers v. Myers, 498 So.2d 376, 378 (Miss. 1986); accord R & S Development, Inc. v. Wilson, 534 So.2d 1008, 1012 (Miss. 1988); Strait v. Pat Harrison Waterway Dist., 523 So.2d 36, 41 (Miss. 1988); Methodist Hospitals of Memphis v. Marsh, 518 So.2d 1227, 1228 (Miss. 1988); Estate of Johnson v. Adkins, 513 So.2d 922 (Miss. 1987); Bailey v. Collins, 215 Miss. 78, 60 So.2d 587, 589 (Miss. 1952). The Court in Adkins, addressing an analogous matter, stated the following:
In the trial below, appellant did not plead or raise at any point the ... question of undue influence and fiduciary relationship. That issue is assigned, argued and presented for the first time on appeal. It is elementary that this Court will not review on appeal those issues which were not raised in the court below.
Adkins, 513 So.2d at 925.
In the instant case, Eretta has asserted an entirely different theory on appeal than the one she pursued at trial. In the lower court, she affirmed the deed by which she acquired her interest in the subject property; on appeal she seeks to have it set aside. In Strait, this Court ruled:
On appeal, a party must pursue the same legal theory advanced in the trial court. Estate of Johnson v. Adkins 513 So.2d 922 (Miss. 1987). In Bailey v. Collins, 215 Miss. 78, 60 So.2d 587 (1952), the Court said:
Appellant has now chosen in this Court an entirely different line of battle from that chosen in the court below, and we think the theory of the case as now presented on this appeal is not properly before us for review.
215 [Miss.] at 83, 60 So.2d at 589.
As this contract claim is for the first time on appeal, it is procedurally barred and will not be addressed by this Court.
Strait, 523 So.2d at 41.
To determine the validity of the conveyance from Hester to Eretta and Hildon would require this Court to do what it has no power to do  to sit as a trier of fact ab initio. See Allgood v. Allgood, 473 So.2d 416 (Miss. 1985) (Supreme Court sits as an appellate court and not as a trier of fact ab initio). We hold, therefore, that Eretta has waived her right to contest the validity *293 of the conveyance by which she received her interest in the property.

VI. CAN A LOWER COURT ORDER A PARTITION WHEN ALL INTERESTED PERSONS ARE NOT MADE PARTIES TO THE SUIT?
Regarding who should have been made parties to this action, the parties expostulate in their briefs over cases which this Court decided in the 1930's and 1950's But as we recently stated in Estate of Schneider v. Schneider, 585 So.2d 1275, 1277 (Miss. 1991), "[t]he Mississippi Rules of Civil Procedure ... supercede all previous court decisions as well as all statutes on procedure to the contrary." The parties should have framed this issue in the context of MRCP Rule 19 which governs "Joinder of Persons Needed for Just Adjudication." See Johnson v. Hinds County, 524 So.2d 947, 955 (Miss. 1988) (admonishing parties for relying on pre-rules doctrine of "necessary parties").
MRCP Rule 19(a) provides:
Persons to Be Joined if Feasible. A person who is subject to the jurisdiction of the court shall be joined as a party in the action if:
(1) in his absence complete relief cannot be accorded among those already parties, or
(2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.
Eretta argues on appeal that this action should be dismissed for failure to join her father, Lester Hester. She maintains (1) that Hester should have been afforded an opportunity to protect his right to revoke his "gift" to the extent it failed to reach Eretta, the alleged "intended donee;" (2) that Hester has an equitable interest in the outcome of the litigation since "the circumstances surrounding the sale reveal an intent not to convey this property to an outsider;" (3) that Hester could potentially be prejudiced by the outcome of the suit since his property abuts the subject tract; and (4) that Hester should have been joined to allow him to defend his "lien" on the land resulting from Hildon's alleged failure to pay the remaining $2,000.
Initially, we must consider whether Eretta waived her non-joinder claim by raising it for the first time on appeal. In National Life & Accident Insurance Co. v. Miller, 484 So.2d 329, 337 (Miss. 1985), this Court held that an objection based on non-joinder becomes procedurally barred unless raised at trial. Miller, however, relied upon Standard Life Insurance Co. v. Veal, 354 So.2d 239 (Miss. 1977), a pre-Rules case, and based its holding upon Veal's construction of Miss. Code Ann. § 11-7-21 (1972) ("Nonjoinder or Misjoinder of Plaintiffs"). Although Miller was decided subsequent to the adoption of the Mississippi Rules of Civil Procedure, its failure to consider the implications of Rule 19 renders the validity of its non-joinder holding questionable. In the absence of clear precedent in past decisions by this Court, we look to the federal courts for guidance in interpreting the Rules of Civil Procedure. State Security Life Ins. Co. v. State, 498 So.2d 825, 831 (Miss. 1986); Bryant, Inc. v. Walters, 493 So.2d 933, 935-36 (Miss. 1986). The federal courts have interpreted the identical federal counterpart to MRCP Rule 19 as allowing defendants to raise the issue of non-joinder for the first time on appeal where the interests of the absent person are at stake. See GTE Sylvania, Inc. v. Consumer Prod. Safety Comm'n, 598 F.2d 790 (3d Cir.1979) (appellate court can act on its own initiative to protect absent party), aff'd 447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980); Kimball v. Florida Bar, 537 F.2d 1305 (5th Cir.1976) (same); Haby v. Stanolind Oil & Gas Co., 225 F.2d 723 (5th Cir.1955) (same); Brown v. Christman, 126 F.2d 625 (D.C. Cir.1942) ("If they are indispensable parties it is our duty to protect their interests on this appeal, even though the question was not raised in the *294 District Court"). According to 3 J. Moore, Federal Practice ¶ 19.19-1 at 296-98 (1989):
While the question of joinder of an absent person generally must be timely raised in the ... [trial] court, an appellate court may consider the issue even though it was not initially raised below, and may do so sua sponte. The court of appeals may remand the action to allow the ... [trial] court to make the joinder determination, or may conduct a Rule 19 analysis itself... . [However,] [w]here the judgment appealed from does not prejudice the interests of the absent person the appellate court usually will not disturb an otherwise valid judgment on grounds of prejudice to the defendant alone, since any prejudice to the defendant has been brought upon him by his own failure to object to non-joinder in the trial court.
The willingness of the federal courts to protect the interests of absent persons, the non-joinder of which was not objected to prior to appeal, apparently represents something in the nature of an equitable exception to FRCP Rule 12(b)(7) and 12(h)(2). Rule 12(b)(7) requires defendants generally to assert Rule 19 objections either in their pleadings or in a 12(b) motion; Rule 12(h)(2) which requires a defense based on failure to join an "indispensable" party to be raised no later than the trial on the merits. In view of this exception, we hold that Eretta did not waive the non-joinder of her father by failing to assert the issue prior to this appeal.
Turning now to the merits, it would clearly have been "feasible" to join Lester Hester as a defendant in this action. Under the terms of Rule 19, therefore, he should be joined as a party if "he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (1) as a practical matter impair or impede his ability to protect that interest."
Of the four reasons Eretta asserts as grounds for compulsory joinder, two are utterly without merit. Hester's alleged interests in preserving his right to "rescind his gift" and in preventing conveyance of the property "to an outsider" are nullified by the clear terms of the deed by which he conveyed the subject property. The deed explicitly states that Hester bargained, sold and conveyed the land for good and valuable consideration. Further, having conveyed away his title to the land, Hester is in no position now to complain about subsequent transfers to "outsiders." See Crawford Commercial Constructors, Inc. v. Marine Indus. Residential Insulation, Inc., 437 So.2d 15 (Miss. 1983) (in order to maintain cause of action, there must be present, existent, actionable title or interest). Eretta's third reason, that Hester's interest in adjoining property could potentially be harmed, is also inapt since a mere prospective danger of injury will not suffice to support a cause of action. Crawford, 437 So.2d at 16; Georgia Pac. Ry. Co. v. Baird, 76 Miss. 521, 24 So. 195, 196 (1898); Brown Bros. & Co. v. Bank of Mississippi, 31 Miss. 459 (1856). Hester would not have had standing to assert such a claim even if he had been joined. Fourthly, Eretta contends that Hester should have been joined in order to allow him to protect his alleged vendor's lien on the property for the second half of the purchase price. The chancellor found that no such lien existed, and his finding is supported by the evidence: Although Eretta and Hester testified that $2,000 remained outstanding, the Warranty Deed by which Hester conveyed the property to Eretta and Hildon refers in no uncertain terms to "good and valuable consideration passing, the receipt and sufficiency all of which is hereby acknowledged." (emphasis added) It is axiomatic that clear and unambiguous language in a deed is controlling and may not be contradicted by extrinsic evidence. See Pursue Energy Corp. v. Perkins, 558 So.2d 349 (Miss. 1990); Manson v. Magee, 534 So.2d 545 (Miss. 1988); Deason v. Cox, 527 So.2d 624 (Miss. 1988); Lackey v. Corley, 295 So.2d 762 (Miss. 1974); Welborn v. Henry, 252 So.2d 779 (Miss. 1971); Sumter Lumber Co. v. Skipper, 183 Miss. 595, 184 So. 296 (1938); Union Exploration Partners, Ltd. v. AmSouth Bank, 718 F. Supp. 552 (S.D.Miss. 1989), aff'd, 905 F.2d 1534 (5th Cir.1990); Chipman v. Lollar, 304 F. Supp. *295 440 (N.D.Miss. 1969). The chancellor did not manifestly err in finding that the subject property was not subject to a lien in favor of Hester. Consequently, Eretta's fourth and final basis for objecting to non-joinder must fail.
In any event, it is noteworthy that Hester was not ignorant of these proceedings. He in fact testified as a witness on behalf of the defense. If he had perceived a threat to any interest he may have claimed in the property, he could have intervened pursuant to MRCP Rule 24(a). The trial court did not err by proceeding in the absence of Lester Hester.

CONCLUSION
The partition by sale must be set aside since the record reflects no clear or substantial reason for partiting the property by sale as opposed to the legally preferable partition in kind. Further, Eretta's attack upon the warranty deed under which she and Hildon acquired title to the disputed property is procedurally barred owing to her failure to raise the matter before the trial court.
We hold that the chancellor properly found that the subject tract should be partited. His decision to proceed in the absence of Lester Hester was also proper. The chancellor erred, however, by ordering a partition by sale instead of a partition in kind. On remand, the chancellor is directed to set aside the sale, to make such findings as are necessary to facilitate a partition in kind, and to order the same.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
NOTES
[1] At the time when Eretta entered Hildon's employ she was about 23 years old and Hildon was about 51. The parties' common surname is largely coincidental  Hildon is related to one of Eretta's former husbands.
[2] The chancellor excluded testimony concerning the grantor's intentions but permitted a proffer.
[3] Hester, according to Hildon, said that he needed the money to buy Christmas presents for his grandchildren and to buy hog feed.
[4] Since appellant's first and second assignments of error state essentially the same proposition, i.e., that the chancellor erred in partitioning the land by sale rather than in kind, we shall address the two issues jointly.
[5] While the appellant is probably stretching it somewhat to characterize this exchange as evidencing an "agreement by both parties that the tract be partited in kind," the statements do indicate that both parties were apparently willing to accept an actual partition. That the plaintiff/appellee considered an actual division as both practicable and acceptable is reinforced by the following exchange:

THE COURT: Didn't you tell me you agreed that the property could be partited.
MR. GEX: Yes, Sir, in kind.