DICKINSON, PRESIDING JUSTICE,
DISSENTING:
¶ 19. Under Mississippi law, “a deed must be construed as a whole without separating it into its formal parts, and” where—as here—the meaning of a deed is called into question, courts must determine “the intent of the parties thereto” by look *73 ing to “the language therein employed.”[16] The language employed in the deed before us leaves no room for doubt as to what the parties intended to accomplish. And because the majority ignores both the plain language of the deed and the intent of the parties, I respectfully dissent.
¶20. Importantly—and contrary to the majority’s conclusion—Lum’s deed conveyed to Lucille no present interest in the property.[17] Instead, it provided her a contingent remainder[18] and clearly stated that title to the property in fee simple would vest in Lucille only upon Lum’s death, provided he had not otherwise conveyed the property during his lifetime. Specifically, the deed provided:
Grantor, however, does hereby expressly RESERVE unto himself a life estate in the foregoing lands coupled with a full and absolute disposition to be exercised by him as though he were the fee simple owner thereof.
The majority quotes this critical language from the deed, but then neither accounts for it nor gives it effect. Instead, the majority analyzes the deed as if this language did not exist.
¶ 21. In Kyle v. Wood, this Court recognized the validity of Lum’s reservation.[19] J.A. Wood owned a one-half interest in a piece of real property.[20] In his will, J.A. left the property to his wife, Molly Wood, “to have to hold during her life time to use, sell and dispose of as she sees fit.”[21] The will also provided that “at her death, then such property left to my said wife by me is to be given to my nephew, by marriage, Arthur Kyle.”[22] After J.A. died, Molly conveyed the interest to Joe and Ethel Wood by warranty deed.[23] But after Molly’s death, Kyle claimed he owned the interest as remainderman to Molly’s life estate.[24]
¶22. This Court considered whether Molly’s conveyance to Joe and Ethel was *74 valid despite the fact that she was conveyed a life estate and Kyle had been named as remainderman.[25] This Court recognized that:
A general power to sell, without restriction as to either purpose or grantee, leaves the donee of the power free to sell and do as he wishes with the proceeds, without responsibility to anyone, even though the donee of the power has a life estate and there is a gift over of the remainder. This has been held true even though the sale may have been made for the purpose of defeating the remainder.[26]
¶23. The case now before us involves exactly this principle. The deed in question, like the will in Kyle, conveyed a life estate to Lum coupled with the right to dispose of the property during his lifetime. It also named Lucille as remainderman, Under Kyle, Lum possessed “the power free to sell and do as he wishes with the proceeds, without responsibility to anyone, even though [he] has a life estate and there is a gift over of the remainder” to Lucille. So Lum’s conveyance to Prestage was valid, and Lucille’s contingent remainder never vested because the contingency did not occur: that is, Lum did not die prior to conveying the property to a third party.
¶ 24. And contrary to the majority’s suggestion, this holding from Kyle did not address an issue of the law of wills and testaments,[27] but rather an issue of life estates and contingent remainders—-both matters of property law and squarely at issue here. The vehicle for the convey-anee—deed or will—played no part in the Kyle court’s analysis or holding.
' ¶25. The majority ignores Kyle and strikes Lum’s reservation from the deed based largely on its misreading of this Court’s decision in Dukes v, Crumpton, which is wholly inapposite- to the facts of this case because the deed in that case conveyed a present fee simple interest in certain property.[28] In that deed, the grant- or reserved “all rights of sale and management.”[29] The majority correctly notes that this Court held the reservation in Dukes void as an illegal restraint on the alienation of property,[30] but the majority fails to analyze the reason this Court did so, which clearly renders the majority’s reliance on Dukes misplaced.
¶ 26. Simply stated, one may not convey a present fee interest in property and, at the same time, reserve the right to sell it. As the Dukes court recognized, “the right of alienation is an indispensable incident to an estate in fee, such as was, in our opinion, conveyed by the granting clause of the deed here in question.”[31] So, because that deed conveyed an interest in fee, “the provision added by the grantor, to-wit ‘grant- or or his successor reserve all rights'of sale and management’ is an illegal and void restraint upon alienation and repugnant to the granting clause of the deed.”[32]
¶ 27. The grantor in Dukes conveyed a present fee simple interest: that is, his ownership of the interest ceased at the moment of conveyance. Thus, this Court properly held that he could not reserve the right to sell property he no longer owned, and that the grantee, having taken the *75 property in fee simple, must also take the right of alienation.
¶ 28. But the deed before us today includes no fee simple conveyance. Indeed, it includes no conveyance of a present interest at all. Instead, it includes the conveyance of a future interest: a contingent remainder. Unlike the grantor in Dukes, Lum retained an ownership interest in the property: his life estate. And because the reservation of a right to sell was limited in duration to Lum’s life estate, it did not act as a restraint on Lucille’s right to alienation of the property. Rather, it created the contingency upon which Lucille’s interest was predicated. Had Lum not conveyed the property during his lifetime, Lucille’s remainder' would have vested upon his death in fee simple, and she would have possessed the full right of alienation of her property.
¶ 29. The majority states “Crotwell acquired ownership of the property upon delivery of the deed—March 13,. 1973.”[33] Assuming by “ownership of the property”—a colloquialism void of legal meaning—the majority intends to say she acquired some interest in the property that day, I agree. But the question is not whether Lucille acquired some interest. The question is what type of interest she acquired. Giving effect to’ the plain language of the deed and the clear .intent of the parties, she acquired a contingent remainder, and nothing more.
¶ 30. Because the majority fails to recognize a contingent remainder, fails to give effect to the clear language of the deed, and fails to recognize this as the- clear intent of the parties, I must respectfully dissent. . '. :

. Manson v. Magee, 534 So.2d 545, 548 (Miss. 1988) (citing Deason v. Cox, 527 So.2d 624 (Miss. 1988); Lackey v. Corley, 295 So.2d 762 (Miss. 1974); Rogers v. Morgan, 250 Miss. 9, 164 So.2d 480 (1964); Ford v. Jones, 226 Miss. 716, 85 So.2d 215 (1956); Texas Gulf Producing Co. v. Griffith, 218 Miss. 109, 65 So.2d 834, 836 (1953); Gulf & S.I.R. Co. v. Patten, 180 Miss. 756, 178 So. 468 (1938); Goff v. Avert, 122 Miss. 86, 84 So. 134 (1920)).

. A present interest is "[a] property interest in which the privilege of possession or enjoyment is present and not merely future; an interest entitling the holder to immediate possession.” Present Interest, Black’s Law Dictionary 695 (abr. 9th ed.). A future interest is ‘‘[a] property interest in which the privilege of possession or of other enjoyment is future and not present.” Future Interest, Black's Law Dictionary 694 (abr. 9th ed.). Both may be presently, conveyed. For instance, if Person A executes and records a deed granting Person B a life estate—a present interest—and Person B the remainder—a future interest—both interests have been presently conveyed. The majority errs because it conflates a present conveyance with a present interest. The majority believes that because Lum delivered a deed to Crotwell, ipso facto Crotwell must have a present interest. But that has never been the law of real property. See Whittington v. Whittington, 608 So.2d 1274, 1280 (Miss. 1992) (recognizing that a remainder interest was created by the present conveyance of a deed). I agree Lum presently conveyed an interest to Crotwell. But that interest was a future one: a contingent remainder.

. A contingent remainder is "[a] remainder that is either given to an unascertained person or made subject to a condition.” Contingent Remainder, Black’s Law Dictionary 1101 (abr. 9th ed.).

. Kyle v. Wood, 227 Miss. 717, 86 So.2d 881 (1956).

. Id. at 882.

. Id.

. Id.

. Id. at 883.

. Id. at 882-83.

. Id, at 883.

. Id. (emphasis added),

. Maj. Op. at ¶ 9.

. Dukes v. Crumpton, 233 Miss. 611, 103 So.2d 385, 386-88 (1958).

. Id. at 386.

. id. at 388.

. Id. (emphasis added).

. Id.

. Maj.Op. at ¶ 14.